UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

ROBERT RIVERA,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            10-CV-6517L

                    v.

JOHN B. LEMPKE,
GERALD GUINEY,
PENNY SHEA,
LT. K. METZ,
LT. GIANNINO,
SGT. ABATE,
P. O'NEAL,
SGT. SHEPANSKI,

                              Defendants.

———————————————————————————

        Plaintiff, Robert Rivera, appearing *pro se*, filed this action under 42 U.S.C. § 1983.  Plaintiff,

an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has

sued eight defendants, all of whom were at all relevant times employed by DOCS, alleging that they

violated his constitutional rights in connection with certain incidents in 2007, while plaintiff was

confined at Five Points Correctional Facility.  Defendants have moved to dismiss the complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.


                              **BACKGROUND**


        Plaintiff alleges that on August 11, 2007, defendant Sergeant Shepanski filed a false

misbehavior report against him, in retaliation for plaintiff's previous filing of grievances against

Shepanski.  On August 23, 2007, defendant Penny Shea, the hearing officer on those charges, found

plaintiff guilty and sentenced him to three months in the Special Housing Unit ("SHU").  Plaintiff

alleges that Shea's finding was against the weight of the evidence and that it was arbitrary and capricious.

Plaintiff's allegations go on in the same vein, alleging that he continued to file grievances against defendants, and that they either denied the grievances, or failed to properly process the grievances, or that they filed misbehavior reports against him in retaliation for those grievances.  In all, the complaint cites eleven grievances filed by plaintiff.  In addition to the SHU sentence noted above, plaintiff also alleges that on November 1, 2007, defendant Lieutenant Giannino found plaintiff guilty in connection with another misbehavior report, and sentenced him to twenty-nine days in "cell confinement in addition to thirty days of loss of commissary" and other privileges.  Dkt. #4 at 9 ¶ 11.

The amended complaint (Dkt. #4) formally sets out two claims, although each of them can be broken down into several discrete claims.  The first alleges that Shepanski "filed a retaliatory misbehavior report" against plaintiff, and that defendants Shea and P. O'Neal "both participated in the retaliation against [plaintiff] by subjecting [him] to disciplinary sanctions ... ."  Dkt. #4 at 11. The second alleges that on October 26, 2007, defendant Sergeant Abate filed a retaliatory false misbehavior report against plaintiff, that he did so at the direction of defendants John Lempke and Gerald Guiney, that defendant Lieutenant Metz "processed the report ... knowing that the charges were false," and that defendant Lieutenant Giannino found plaintiff guilty of those charges despite the lack of evidence to support that finding.  *Id.* at 8 ¶ 10, 9 ¶ 11, 12.

## DISCUSSION

## I. Official Capacity Claims

The complaint states that all the defendants are sued in both their individual and official capacities.  Defendants move to dismiss the official-capacity claims on the ground that they are barred under the Eleventh Amendment.

- 2 -

Claims for damages against state employees in their official capacities are deemed claims against the state itself, and are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990); *Brown v. New York State DOCS*, 583 F.Supp.2d 404, 411 (W.D.N.Y. 2008).  To the extent that plaintiff seeks money damages, then, all of plaintiff's official-capacity claims are dismissed.[1]

## II. Statute of Limitations

Defendants contend that the first cause of action should be dismissed as barred by the three-year limitations period applicable to § 1983 actions.  *See Mixon v. Sedita*, 757 F.Supp.2d 229, 231 (W.D.N.Y. 2010).  Defendants point out that the complaint gives August 11, 2007 as the date of the incident giving rise to the claim, *see* Dkt. #4 at 11, and that the complaint was filed in September 2010, more than three years after the date of that incident.

In *Gonzalez v. Hasty*, ___ F.3d ___, 2011 2463562 (2d Cir. 2011), however, the Court of Appeals for the Second Circuit held "that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."  *Id.* at *5 (quoting *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)).  In the case at bar, plaintiff alleges that his grievance concerning the August 11 matter was not resolved until December 5, 2007.  *See* Dkt. #15 ¶ 3 and Ex. A. Accordingly, defendants' motion to dismiss this claim on untimeliness grounds is denied.[2]

---

[1]While plaintiff's claims for equitable relief, such as the expungement of his disciplinary record, are not subject to dismissal on this ground, *see Verizon Maryland Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *State Employees Bargaining Agent v. Rowland*, 494 F.3d 71, 95, 98 (2d Cir. 2007), they must be dismissed for failure to state a claim, as explained below.

[2]"[W]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion."  *Smart v. Goord*, 441 F.Supp.2d 631, 637 (S.D.N.Y. 2006) (internal citation and quotation marks omitted).  The Court may therefore consider the excerpt from the record of plaintiff's grievance proceedings that he has submitted as Exhibit A to his affirmation in opposition to defendants' motion to dismiss.  *See* Dkt. #15.

### III. Due Process Claims

Defendants also argue that plaintiff's due process claims should be denied, because the sentences imposed upon him–ninety days and twenty-nine days of confinement in SHU, respectively–do not implicate any constitutionally protected liberty interest. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005); *Brooks v. Chappius*, 450 F.Supp.2d 220, 223-24 (W.D.N.Y. 2006).

As I read the complaint, however, plaintiff does not appear to assert a due process claim. Even giving the complaint a generous construction, plaintiff appears to allege only that defendants' actions were motivated by a desire to retaliate against him for having exercised his First Amendment rights.

To the extent that the complaint could be read to assert a due process claim, however, I agree that any such claim must be dismissed. The Second Circuit has held that absent unusual circumstances, SHU confinement of less than 101 days is not considered an "atypical and severe hardship" giving rise to a constitutionally protected liberty interest. *See Ortiz v. McBride*, 380 F.3d 649, 654-55 (2d Cir. 2004); *Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999). Plaintiff has alleged no such circumstances here.

### IV. Retaliation and Personal Involvement

Defendants contend that the claims against certain defendants should be dismissed for failure to alleged personal involvement on their parts. Defendants also argue that plaintiff has failed to allege facts giving rise to a facially valid First Amendment retaliation claim. Since these arguments are to some extent intertwined, I address them together.

In order to state a valid retaliation claim, plaintiff must allege that his actions were protected by the Constitution, and that such "conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted). Thus, there must be a "causal connection between the protected speech and the adverse

action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citation omitted). "A plaintiff cannot state a retaliation claim in wholly conclusory terms, but rather, must provide a pleading that is 'supported by specific and detailed factual allegations.'" *Anderson v. Lapolt*, No. 07-CV-1184, 2009 WL 3232418, at *5 (N.D.N.Y. Oct. 1, 2009) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000)); *see also Sawyer v. Jowers*, No. 2:08-CV-0186, 2008 WL 4791557, at *6 (N.D.Tex. Oct. 31, 2008) ("To state a claim of retaliation, the inmate must allege more than his personal belief that he is the victim of retaliation. Conclusory allegations of retaliation are not sufficient; the plaintiff must [allege facts] from which retaliation may plausibly be inferred").

In addition, as to each defendant, plaintiff must allege facts showing the defendant's personal involvement in the alleged constitutional violation. To make such a showing, it is not enough to allege that the defendant played some sort of supervisory role, since there is no *respondeat superior* liability in § 1983 cases. *See Zembiec v. County of Monroe*, 766 F.Supp.2d 484, 498 (W.D.N.Y. 2011); *Henry v. Lempke*, 680 F.Supp.2d 461, 464 (W.D.N.Y. 2010).

The Supreme Court has also made clear that, at least as to claims involving discriminatory or retaliatory intent, a claim premised on a supervisor's "knowledge and acquiescence" in subordinates' wrongdoing is insufficiently stated. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).[3] Thus, following *Iqbal*, courts in this circuit "have held that a defendant cannot be held liable under section 1983 unless that defendant took an action that deprived the plaintiff of his or her constitutional rights." *Plair v. City of New York*, ___ F.Supp.2d ___, 2011 WL 2150658, at *4 (S.D.N.Y. 2011). Mere failure to correct, or acquiescence in, a lower-level employee's violation is not enough. *Id. See, e.g.*, *Bryant v. County of Monroe*, No. 09-CV-6415, 2010 WL 4877799, at *3 (W.D.N.Y. Nov. 22, 2010) (dismissing claim against supervisor based on allegation that he received report concerning allegedly unconstitutional actions by correctional facility and agreed to the certain

---

[3]*Iqbal* was a so-called *Bivens* case, rather than a § 1983 action, but as the Second Circuit has noted, *Bivens* and § 1983 actions are "analogs" of each other. *Arar v. Ashcroft*, 585 F.3d 559, 591 (2d Cir. 2009) (citing *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1948), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3409 (2010).

recommendations by facility staff, on ground that plaintiff had failed to allege facts showing supervisor's personal involvement under *Iqbal*). *See also Sash v. United States*, 674 F.Supp.2d 531, 544 (S.D.N.Y. 2009) (suggesting that *Iqbal* may not have altered the personal-involvement analysis as to some claims under the Fourth and Eighth Amendments).

Applying these standards here, I conclude that the claims must be dismissed.  As to Lempke and Guiney, who were at all relevant times the superintendent and deputy superintendent of Five Points, the complaint simply alleges, with no supporting factual allegations, that they directed Abate to write a false, retaliatory misbehavior report against plaintiff.  Plaintiff also alleges that he wrote to Lempke about these matters and that Lempke failed to remedy the constitutional violation.  As explained above, such allegations are insufficient to state a § 1983 claim.  *See, e.g., Zembiec v. County of Monroe*, 766 F.Supp.2d 484, 495 (W.D.N.Y. 2011); *Crenshaw v. Hartman*, 681 F.Supp.2d 412, 416 (W.D.N.Y. 2010).

Plaintiff's allegations that O'Neal (the supervisor of the Inmate Grievance Program) "maliciously closed [plaintiff's] grievance" and "declined to process the appeal of the grievance" likewise fails to state a retaliation claim.  Simply appending the adverb "maliciously" does not transform these allegations into a constitutional claim, absent some factual allegations to support that assertion, and in any event inmates have no freestanding right to any particular grievance procedures. *See Reeder v. Hogan*, No. 9:09–CV–0977, 2011 WL 1302915, at *4 (N.D.N.Y. Mar. 31, 2011); *Barnes v. Fedele*, 760 F.Supp.2d 296, 304-05 (W.D.N.Y. 2011).

Plaintiff alleges that Metz reviewed Abate's report and "processed" the report even though Metz knew that the charges contained therein were false. Dkt. #4 ¶ 10.  The mere fact that Metz at some point may have handled or processed Abate's report does not show that Metz was personally involved in the alleged underlying constitutional violation, and the conclusory allegation that Metz knew that Abate's charges were false is wholly insufficient to state a claim, since it is unsupported by any factual allegations, and because it does not indicate that Metz knew that the charges were retaliatory.

- 6 -

As to the remaining four defendants, both Shepanski and Abate issued misbehavior reports against plaintiff, and Shea and Giannino found plaintiff guilty, after a hearing, on the charges in those reports. Plaintiff alleges that those charges and findings were all retaliatory, and that they were not supported by the evidence.

What plaintiff has failed to allege, however, are any facts to support those conclusory assertions. He simply alleges that he had previously filed some grievances against Shepanski, and that Shepanski's misbehavior report was false. Dkt. #4 ¶ 1. He also alleges that Shea found plaintiff guilty, "with complete disregard to the facts including testimony that the charges were retaliatory." Dkt. #4 ¶ 2.

Similarly, plaintiff alleges that "Sergeant Abate wrote a retaliatory and false misbehavior report" and that "Lieutenant Giannino found [plaintiff] guilty of the charges ... without any evidence" to support the charges. Dkt. #4 ¶¶ 9, 11. Again, plaintiff's allegations of fact do not support those conclusory assertions. The allegation that, when plaintiff entered the hearing room, he saw Abate speaking to Giannino does not render plausible his inference that "a determination of guilt had been pre-arranged." Dkt. #4 ¶ 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level" to survive a motion to dismiss); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

In short, plaintiff has alleged little more than that he was issued misbehavior reports, was found guilty on those charges, and that the charges were intended to retaliate against him for his prior complaints and grievances. If such allegations were enough to proceed, then virtually no claim of retaliation by an inmate would ever be subject to dismissal. It is because of the ease with which such claims can be made that the Second Circuit has directed district courts to approach prisoner retaliation claims "with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001). Plaintiff's allegations in the case at bar fall well short of the mark necessary to withstand a motion to dismiss under Rule 12(b)(6). *See Zembiec*, 766 F.Supp.2d at 495; *Crenshaw*, 681 F.Supp.2d at 416; *Rosales v. Kikendall*, 677 F.Supp.2d 643, 650 (W.D.N.Y. 2010).

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #7) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        September 14, 2011.